STATE v. T. ALLEN.

*Witness before Grand Jury—By whom Sworn.*

The act of 1879, ch. 12, creates and authorizes an additional mode of swearing witnesses to testify before a grand jury, and does not abrogate the mode formerly prevalent of swearing them in open court.

(*State* v. *Cain*, 1 Hawks, 352, cited and approved.)

INDICTMENT for Assault and Battery tried at Fall Term, 1879, of HALIFAX Superior Court, before *Avery, J.*

On conviction of the defendant in the court below, a' motion was made to arrest judgment, on the ground that the bill of indictment was found on the evidence of witnesses sworn in court and sent to the grand jury, instead of on that of witnesses sworn by the foreman of the grand jury and by him endorsed on the bill, under the act of 1879, ch. 12. The motion was refused by the inferior court, but allowed by the superior court, and the solicitor appealed.

*Attorney General,* for the State.
*Messrs. Mullen & Moore,* for defendant.

DILLARD, J. The motion in arrest was properly refused by the inferior court and should have been refused by the judge below. It is conceded in the terms of the motion that the bill was found on the testimony of witnesses sworn in court and endorsed on the bill by the clerk of the court, and the question is whether the witnesses might have been so sworn and sent, or must have been sworn only by the foreman, and by him endorsed on the bill under chapter 12 of the act of 1879.

The law and practice has been ever since the act of 1797,

(construed in *State* v. *Cain*, 1 Hawks, 352, and brought forward in all the Revisals of our laws) that bills of indictment should be found on the testimony of witnesses *sworn in court* and sent to the grand jury. And so the only matter for our decision is, whether that mode of proceeding has been repealed by the late act giving to the foreman of a grand jury the power to swear and endorse on the bill the witnesses examined before that body.

In our opinion the act of 1879 creates and authorizes an additional mode of swearing witnesses to testify before a grand jury, and was not intended to abrogate and does not abrogate the mode so long prevalent, of swearing them in open court. The act in terms vests in the foreman the power to swear as witnesses only those whose names are endorsed on the bill by the officer prosecuting in behalf of the state, or by direction of the court, with a mandate to endorse on the bill such of those already endorsed as he shall swear and examine. There is nothing in the language of the act which requires the former mode of swearing the witnesses in open court to give place to the new mode; and the matter of the late statute is not so clearly repugnant to the former law and practice as to negative its continuance.

The rule in the case of two statutes is, that where they both are merely affirmative and in substance such that both may stand together, the latter shall not repeal the former, but they shall have a concurrent efficacy. Broom's Legal Maxims, 12.; Dwarris on Statutes, 156. Here, both the old and the new law affirm modes of furnishing evidence to the grand jury, and there is nothing in the late act which expressly or by a necessary implication repeals the authority to swear witnesses in court, so long existing. The intent of the legislature, in our opinion, was to vest the power to swear witnesses in the foreman as an additional mode to the one already in use, as a convenience whereby to save

the time of the court in session, spent in the calling and swearing of witnesses to go to the grand jury, and thus increase the opportunity of trying matters already at issue on the docket.

There is error in the arrest of judgment by the superior court, and the same is reversed. Let this be certified.

PER CURIAM.                                                  Error.